**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID EARL RAY GALLEGOS,

        Plaintiff - Appellant,

  v.

PETER L. MAXSON, Jr., CMHUS;
MICHAEL M. SILVA, Sergeant;
BRITTANY A. RICHARDS, CMHC3,

        Defendants - Appellees.

No. 25-2124

D.C. No.
2:23-cv-01257-DGE-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted April 24, 2026
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and TRAUM, District
Judge.[**]

    David Earl Ray Gallegos, a Washington state prisoner, appeals from the

district court's summary judgment for defendant prison officials in his 42 U.S.C.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Anne R. Traum, United States District Judge for the
District of Nevada, sitting by designation.

§ 1983 civil rights action. Gallegos claims that Defendants violated the Eighth Amendment by failing to take reasonable steps to assist him during a mental health emergency. He contends on appeal that the district court erred in granting Defendants' motion for summary judgment because (1) factual disputes remain regarding Defendants' actions during his mental health emergency and (2) the district court sua sponte dismissed his deliberate indifference claim on different grounds than those raised in Defendants' summary judgment motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo. *Dees v. County of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020). We "must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Id*. (alteration in original) (quoting *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009)).

1. To establish deliberate indifference under the Eighth Amendment, a prisoner must show that a prison official "(1) exposed [the prisoner] to a substantial risk of serious harm; and (2) was deliberately indifferent to [the prisoner's] constitutional rights." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). The prisoner must provide evidence that the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Even assuming Gallegos faced a substantial

risk of serious harm and the officers were aware of that risk, Gallegos's claim fails because the record lacks any evidence suggesting that the officers disregarded the risk of harm that Gallegos faced.

The record shows that after Gallegos exhibited distress, Defendants sent him to a cell alone and then took prompt and reasonable steps to assist him, by immediately summoning help from Brittany Richards, a mental health professional, and by reporting to Gallegos's cell within minutes after they sent him there. Any contention that Defendants disregarded a substantial risk by not adequately informing Richards of Gallegos's condition is unsupported by evidence in the record, and there is no evidence to suggest that the steps Defendants took to address the risk were unreasonable. The district court did not err by granting summary judgment to Defendants on Gallegos's deliberate indifference claim.

2. Gallegos also contends that the district court abused its discretion by sua sponte dismissing his deliberate indifference claim. Gallegos argues that because Defendants' summary judgment motion characterized Gallegos's claims as allegations of verbal harassment, which the district court did not address, the court must have ruled sua sponte. But a district court may grant summary judgment on legal and factual grounds not raised by the parties, so long as the parties have had an opportunity to address them, *see* Fed. R. Civ. P. 56(f), and Gallegos fails to explain how he was prevented from presenting the merits of his case. Gallegos also asserts

that he would have submitted his full deposition transcript had Defendants' summary judgment motion been clearer, but he does not explain how the additional portions would have altered the outcome. Accordingly, any error was harmless.

**AFFIRMED.**